Filed 4/13/22  In re A.A. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.A., a Person Coming Under the Juvenile Court Law. | B312228 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.A.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20CCJP06714A) |

APPEAL from orders of the Superior Court of Los Angeles County, Martha Matthews, Judge.  Affirmed.

Linda J. Vogel, under appointment by the Court of Appeal, for Defendant and Appellant.

Rodrigo A. Castro-Silva, County Counsel, Kim Nemoy, Assistant County Counsel, and Jane Kwon, Principal Deputy County Counsel, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Father D.A. appeals the court's jurisdictional findings based on his conduct but does not challenge the findings as to mother. Father also argues the court's dispositional order requiring him to drug test is not supported by substantial evidence. We find father's appellate challenge is nonjusticiable, and substantial evidence supports the court's the dispositional order. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This family came to the attention of the Los Angeles County Department of Children and Family Services (Department) in December 2020, after mother drove with four-year-old A.A. to the police station, looking for information about domestic violence shelters due to domestic violence with father. Mother appeared to be under the influence of drugs, and she was arrested. Maternal grandparents took custody of A.A. because police could not reach father.

Police had received many domestic disturbance calls at the family home. Mother had been arrested in May 2020 for domestic violence against father. In October 2020, father was arrested for felony battery against mother's boyfriend, who lived next door to the family.

Mother and father were married, but their marriage was strained because mother was having an affair with their neighbor. Mother has an extensive history of substance abuse and had recently relapsed, using methamphetamine for the past year. Three days earlier, mother took A.A. to the neighbor's house and would not allow father to see him. Father obtained "emergency custody" paperwork that he intended to file in family court. Mother and father had agreed to get a divorce.

2

Father denied A.A. was present when father fought with mother's boyfriend. He denied any domestic violence between him and mother, and claimed they only argued loudly and that he was verbally abusive to mother. Mother had tried to attack him in May 2020, but was interrupted by police. A.A. was with maternal grandparents during this incident.

According to the police report for the May 2020 incident, father told police mother bit him, and officers observed a bite mark, scratch, and cut on father. The position of the bite mark indicated father may have placed mother in a headlock, although father denied this. Mother reported father had been strangling her in a headlock when she bit him.

Father reported that mother or maternal grandparents care for A.A. while he is at work. A.A. was often with maternal grandparents because everyone was concerned about mother's ability to care for A.A.

Father admitted using marijuana occasionally but denied caring for A.A. while under the influence. His on-demand drug test came back positive for marijuana.

A.A. told the social worker that mother and father fight and yell at each other. He had not seen them hit each other.

According to maternal grandparents, mother has a long history of substance abuse, and was placed on a psychiatric hold after attacking grandfather some years earlier. Mother told maternal grandparents about domestic violence between her and father. The grandparents had never seen them become violent but heard them argue. Also, when mother and father lived with maternal grandparents, there was evidence of fights, including a window broken by father. Maternal grandfather reported that

3

mother once attacked him while he was holding A.A. Father was present during the incident and calmed mother down.

According to the social worker, mother presented as paranoid, erratic, and unstable. She appeared to be under the influence of drugs and was having religious delusions.

A.A. was detained from mother and released to father under the supervision of the Department. Father made a temporary plan for A.A. to reside with maternal grandparents.

In January 2021, mother was placed on a psychiatric hold after chasing her boyfriend with scissors. Then, two weeks later, father woke in the middle of the night and found mother with an unknown man in A.A.'s bed. Mother and the man attacked father and he called police. Mother was arrested for domestic violence and battery.

Father admitted to using marijuana twice per week, but he said he had stopped using after the Department became involved with his family. He missed a scheduled drug test on January 29, 2021, and tested positive for alcohol on February 10, 2021.

The juvenile court sustained allegations under Welfare and Institutions Code section 300, subdivision (b) as to: (1) mother's substance abuse and father's failure to protect A.A.; (2) mother driving impaired with A.A.; (3) mother's and father's history of engaging in violent altercations, including mother's arrest and father's arrest; and (4) mother's mental health issues. Allegations concerning father's substance abuse were dismissed. The court removed A.A. from mother, and ordered A.A. to remain with father with family maintenance services. Father was ordered to complete 12 random drug tests, every other week, and to participate in counseling. At the dispositional hearing, father initially objected to the drug testing requirement, but eventually

4

"submit[ted] to the 12 consecutive tests." Father timely appealed.

## DISCUSSION

Because father does not challenge the sustained findings as to mother, his appeal is nonjusticiable. "[A] jurisdictional finding involving one parent is ' "good against both. More accurately, the minor is a dependent if the actions of either parent bring [the minor] within one of the statutory definitions of a dependent." ' [Citation.]" (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1492.) Moreover, "an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found to be supported by the evidence." (*Ibid*.) Father's attack on the jurisdictional findings relative to his conduct alone is nonjusticiable. (*Id.* at pp. 1490–1491.)

Father argues we should reach the merits of this appeal because he could be prejudiced in his divorce proceedings by the sustained findings against him. We find father's claimed prejudice is unfounded for the simple reason that the sustained findings against him are supported by substantial evidence. There is ample evidence that mother and father engaged in violent disputes and repeatedly argued in front A.A. Moreover, father was aware of mother's substance abuse and unstable behavior and left A.A. alone in her care while he worked. The juvenile court "need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child." (*In re R.V.* (2012) 208 Cal.App.4th 837, 843.)

Father also challenges the order requiring him to drug test, arguing that the substance abuse allegations against him were dismissed and there was no evidence his drug use put A.A. at

5

risk.  However, a parent who consents to the terms of a reunification plan forfeits the right to complain on appeal.  (*In re Precious J.* (1996) 42 Cal.App.4th 1463, 1476.)  Here, father agreed to submit to drug testing, so we find any claimed error was forfeited.

We also reject the claim on its merits.  A juvenile court has broad discretion to make dispositional orders that would best serve a child's interest.  (*In re Alexis E.* (2009) 171 Cal.App.4th 438, 454.)  The dispositional order need only be reasonable and supported by the record before the court.  (*In re Briana V.* (2015) 236 Cal.App.4th 297, 311.)  We find no abuse of discretion.  Father tested positive for marijuana and alcohol, admitted to regularly using marijuana in the past, and exercised poor judgment in allowing mother to watch A.A. while under the influence.

## DISPOSITION

The orders are affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.          HARUTUNIAN, J.[*]


---

[*]     Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6